JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
THE CITY OF SAN RAMON, SAN RAMON POLICE
DEPARTMENT, OFFICER M. GUNNING, OFFICER R.
RANSOM, OFFICER A. MEDINA, and OFFICER STEPHENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM RASHEED, a minor by and through his guardian ad litem; and KHALID ANWARI, a minor by and through his guardian ad litem,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF SAN RAMON, a public entity, SAN RAMON POLICE DEPARTMENT, a public entity, OFFICER M. GUNNIING, an individual, SERGEANT STEPHENS, an individual, OFFICER R. RANSOM, an individual, OFFICER A. MEDINA, an individual, SPENCER HILL, an individual, TONY HILL, an individual, GUY HUNTER, an individual, EILEEN HUNTER, an individual, and DOES 1-25 inclusive,<br><br>Defendants. | Case No. C09-02011 MEJ<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

This answer to Plaintiffs' First Amended Complaint ("Complaint") is being submitted by Defendants OFFICER M. GUNNING, OFFICER R. RANSOM, OFFICER A. MEDINA, and OFFICER STEPHENS.  Defendants THE CITY OF SAN RAMON and the SAN RAMON POLICE DEPARTMENT have previously appeared in this matter, though hereby join in this answer to the amended complaint (collectively "Defendants").  Defendants herein demand a jury

DEFENDANTS ANSWER TO FIRST AMENDED
COMPLAINT - C09-02011 MEJ

trial in this action.

## JURISDICTION & VENUE

1. In answering paragraphs 1 and 2, the Defendants neither admit or deny the allegations relating to jurisdiction and venue as they are matters of law and not appropriate for admission or denial.

## PARTIES

2. In answering paragraphs 3 thru 18, these answering Defendants respond as follows. Defendants have no knowledge about the assertions and allegations pertaining to the parties/individuals listed in paragraphs 3 thru 9 and thus neither admit or deny those allegations. Defendants admit that the City of San Ramon is a municipal corporation in Contra Costa County, organized under the laws of the State of California as alleged in paragraph 10. The City of San Ramon is responsible for and administers the San Ramon Police Department. These answering Defendants further admit that Officer M. Gunning, Officer R. Ransom, Officer A. Medina and Sergeant Stephens were at all time relevant hereto Police Officers employed by the City of San Ramon, which was responsible for hiring, training and supervising San Ramon Police Officers and promulgating police policies and practices within the City of San Ramon. The Defendants deny the remaining allegations in paragraphs 3 thru 18.

## GENERAL ALLEGATIONS

3. In answering paragraphs 19 through 48, these answering Defendants respond as follows.

4. On November 28, 2007, the school resource officer at Dougherty Valley High School was informed that a student was robbed of $130.00 cash at gunpoint and punched several times in the face on his way home from school.

5. At the time of initial presentation to the officer, the victim's nose and clothes were covered in blood. Another officer found blood on the sidewalk at the reported location of the robbery and/or beating.

6. The victim was able to identify the two parties who robbed him as the two minor Plaintiffs in this action.

DEFENDANTS ANSWER TO FIRST AMENDED        2
COMPLAINT - C09-02011 MEJ

7. In addition, an independent eye witness student identified the two minor Plaintiffs in this action as being the subject armed robbers.

8. The two minor Plaintiffs were subsequently arrested by officers of the San Ramon Police Department and then booked. They were later transported to Juvenile Hall.

9. Delinquency petitions were filed against them by the District Attorney's Office.

10. On April 3, 2008, Russell K. Marne, Esq., an attorney representing Plaintiffs, filed state tort claims with the City of San Ramon on behalf of the Plaintiffs.

11. On May 8, 2008, Cheryl Mitchell Wade, the personnel director of the City of San Ramon, mailed a letter to Attorney Mr. Marne rejecting both of Plaintiffs' state tort claims and notifying Mr. Marne that he had six months to file a court action on these state law claims.

12. The statutory deadline to file a legal action on these state law claims passed by on November 8, 2008, without a lawsuit being filed.

13. On March 19, 2009, Plaintiffs' filed a Complaint for Damages ("Complaint") in the Contra Costa County Superior Court, which was later removed to federal court by the Defendants.

14. Plaintiffs filed a First Amended Complaint (FAC) on November 24, 2009.

15. Defendants have filed a FRCP 12(b)(6) motion to dismiss the untimely state law claims, with prejudice, for failure to comply with the requirements set forth in California Government Code Section 910 et.seq., as to all Defendants herein, which is currently pending before this Court.

16. The Defendants deny the remaining allegations in paragraphs 19 thru 48.

## FIRST CAUSE OF ACTION

## ASSAULT

### (AGAINST CITY, SRPD AND DEFENDANT OFFICERS)

17. In answering paragraphs 49 thru 52, these answering Defendants incorporate by reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint. These answering Defendants deny the allegations in paragraphs 49 thru 52.

## SECOND CAUSE OF ACTION

## BATTERY

## (AGAINST CITY, SRPD AND DEFENDANT OFFICERS)

18. In answering paragraphs 53 thru 56, these answering Defendants incorporate by reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint. These answering Defendants deny the allegations in paragraphs 53 thru 56.

## THIRD CAUSE OF ACTION

## FALSE ARREST AND MALICIOUS PROSECUTION

## (AGAINST ALL DEFENDANTS)

18. In answering paragraphs 57 thru 64, these answering Defendants incorporate by reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint. These answering Defendants deny the allegations in paragraphs 57 thru 64.

## FOURTH CAUSE OF ACTION

## DEFAMATION (CAL CIV. CODE §45 ET SEQ.)

## (AGAINST DEFENDANTS SPENCER HILL AND GUY HUNTER)

19. In answering paragraphs 65 thru 72, these answering Defendants incorporate by reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint. These answering Defendants deny the allegations in paragraphs 65 thru 72.

## FIFTH CAUSE OF ACTION

## NEGLIGENT HIRING, SUPERVISION, DISCIPLINING AND RETENTION OF LAW ENFORCEMENT OFFICER

## (AGAINST THE CITY AND SRPD)

20. In answering paragraphs 73 thru 79, these answering Defendants incorporate by reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint. These answering Defendants deny the allegations in paragraphs 73 thru 79.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE

## (AGAINST ALL DEFENDANTS)

21. In answering paragraphs 80 thru 83, these answering Defendants incorporate by

1  reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint.
2  These answering Defendants deny the allegations in paragraphs 80 thru 83.

### SEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTION AL DISTRESS

### (AGAINST ALL DEFENDANTS)

6  22. In answering paragraphs 84 thru 88, these answering Defendants incorporate by
7  reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint.
8  These answering Defendants deny the allegations in paragraphs 84 thru 88.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. SECTION 1983)

### (AGAINST DEFENDANT OFFICERS)

12  23. In answering paragraphs 89 thru 94, these answering Defendants incorporate by
13  reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint.
14  These answering Defendants deny the allegations in paragraphs 89 thru 94.

### NINTH CAUSE OF ACTION

### FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS

### (42 U.S.C. SECTION 1983)

### (AGAINST DEFENDANT OFFICERS)

19  24. In answering paragraphs 95 thru 101, these answering Defendants incorporate by
20  reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint.
21  These answering Defendants deny the allegations in paragraphs 95 thru 101.

### TENTH CAUSE OF ACTION

### MONELL CLAIM UNDER 42 U.S.C. SECTION 1983

### (AGAINST CITY AND SRPD)

25  25. In answering paragraphs 102 thru 117, these answering Defendants incorporate by
26  reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint.
27  These answering Defendants deny the allegations in paragraphs 102 thru 117.

## ELEVENTH CAUSE OF ACTION

## FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### (AGAINST ALL DEFENDANTS)

26. In answering paragraphs 118 thru 122, these answering Defendants incorporate by reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint. These answering Defendants deny the allegations in paragraphs 118 thru 122, including the damage allegations in paragraph 121.

## TWELFTH CAUSE OF ACTION

## LIABILITY OF PARENT FOR TORTS OF MINOR (CIV. CODE. § 1714.1(A))

### (AGAINST DEFENDANTS TONY HILL, EILEEN HUNTER AND DOES 1-5)

27. In answering paragraphs 123 thru 127, these answering Defendants incorporate by reference their responses to paragraphs 1 through 48 of Plaintiffs' First Amended Complaint.. These answering Defendants deny the allegations in paragraphs 123 thru 127.

## AFFIRMATIVE DEFENSES

1.   AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2.   AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that plaintiffs have failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiffs' Complaint herein.

3.   AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the Complaint herein, Plaintiffs failed to mitigate the amount of their damages, if any.  The damages claimed by Plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances.  Their failure to mitigate is a bar to their recovery under the Complaint.

4.   AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs' own negligence in and about the matters alleged in their Complaint herein were the sole proximate cause of the happening of the incident, and of the

injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs bars recovery to Plaintiffs or, in the alternative, that Plaintiffs' negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs requires that any damages awarded to Plaintiffs shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said Plaintiffs.

5.   AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiffs was the negligence and fault of others than these answering Defendants or on the part of any person or entity for whose acts or omissions these answering Defendants are not legally or otherwise responsible.

6.   AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs have failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

7.   AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in their actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

8.   AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiffs, by virtue of their own conduct and omissions, have enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiffs as a result of the acts or omissions complained of herein.

9.   AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

10.   AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the matters complained of by Plaintiffs, if committed by Defendants, were consented to by Plaintiffs.

11.   AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

12.   AS AND FOR A TWELFTH , SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

13.   AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering defendants allege that said Complaint and each cause of action therein is barred by reason of plaintiffs' failure to file a timely claim within the meaning of California Government Code Sections 901, 911.2, 911.4, 945.4, and 945.6.

14.   AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are not liable for exemplary or punitive damages pursuant to California Government Code Section 818.

15.   AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Defendants are immune from liability by virtue of the provisions of Section 815 of the California Government Code.

16.   AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Defendants are immune from liability by virtue of the provisions of Section 815(b) of the California Government Code.

17.   AS AND FOR AN SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by the Defendants' peace officer employees were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants' employees are therefore immune under the "qualified immunity" doctrine.

18. AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that only such reasonable force as was necessary and/or lawful under the circumstances was used by the Defendants' peace officer employees.

19. AS AND FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Defendants did not cause and/or were not a factor and/or substantial factor in causing the claimed injuries of Plaintiffs, if any can be proven.

20. AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times mentioned in the Complaint herein, they were not the agent, servant, or employee of any of the remaining Defendants and did not do any of the things alleged by Plaintiffs within the scope and course of any such agency, servitude, or employment.

21. AS AND FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the alleged acts or omissions of the peace officers complained of in the Complaint herein were based upon the peace officer's reasonable belief that the Plaintiffs had committed crimes in the officer's presence, reasonable suspicion and/or probable cause to believe Plaintiffs had committed crimes and the officers used reasonable force to detain Plaintiffs, effect the arrest, prevent the escape and/or overcome the resistance of said Plaintiffs; and Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

22. AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time of the alleged event, the Defendants' and Defendants' employees were presented with and had in their possession sufficient facts to constitute probable cause for the arrest of Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That plaintiffs take nothing by way of their Complaint herein;
2. For costs of suit;
3. For attorney's fees;

DEFENDANTS ANSWER TO FIRST AMENDED COMPLAINT - C09-02011 MEJ          9

4. For such further relief as this Court may deem just and proper.

Dated:  January 25, 2010

McNamara, Ney, Beatty, Slattery,
Borges & Brothers LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendants
THE CITY OF SAN RAMON, SAN RAMON
POLICE DEPARTMENT, OFFICER M. GUNNING,
OFFICER R. RANSOM, OFFICER A. MEDINA, and
OFFICER STEPHENS

DEFENDANTS ANSWER TO FIRST AMENDED          10
COMPLAINT - C09-02011 MEJ