IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM RASHEED, *et al.* | No. C 09-2011 MEJ |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. #23)** |
| vs. | |
| CITY OF SAN RAMON, *et al.* | |
| Defendants. | |

## I.  INTRODUCTION

Before the Court is Defendants' City of San Ramon, San Ramon Police Department, Officer Gunniing, Sergeant Stephens, Officer Ransom, and Officer Medina (collectively "Defendants") Motion to Dismiss Plaintiffs Kareem Rasheed and Khalid Anwari's ("Plaintiffs") state law tort claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] (Dkt. #23.) On

---

[1] Although originally filed by Defendants City of San Ramon and the San Ramon Police Department only, Defendants clarify in their reply brief that the Motion is now brought on behalf of all City of San Ramon related Defendants, as the individual officers have recently appeared in the action.

February 9, 2010, the undersigned found this matter suitable for disposition without oral argument and vacated the February 18, 2010 hearing. (Dkt. #36.) After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court hereby GRANTS Defendants' motion for the reasons set forth below.

## II.    BACKGROUND

### A.    Factual Background

On or about November 28, 2007, Plaintiffs witnessed a fist fight between classmates Spencer Hill and Guy Hunter at a location near their high school, Dougherty Valley, in the City of San Ramon (the "City"). (Pls.' First Am. Compl. ("FAC") ¶ 19, Dkt. #21.) A few hours later, Hunter returned to school and reported to Officer Gunniing, the School Resource Officer, that Plaintiffs beat and robbed him at gun point of $130.00. *Id*. at ¶ 21. That same day, Plaintiffs were arrested by the San Ramon Police Department ("SRPD"). *Id*. at ¶¶ 23-24. The SRPD charged each Plaintiff with armed robbery, and each Plaintiff spent approximately 28 days in juvenile hall. *Id*. at ¶¶ 21, 33. Plaintiffs allege that they were verbally, physically and psychologically abused by SRPD officers throughout the investigation and detention. *Id*. at ¶ 25. At the subsequent criminal trial, the court granted Plaintiffs' motion to dismiss. *Id*. at ¶ 37. The presiding judge criticized the charging parties for using false and self-serving accusations to prosecute Plaintiffs. *Id*.

On April 3, 2008, Plaintiffs' then attorney, Russel K. Marne, filed two state tort claims with the City. (*Id*. at ¶ 46; Defs.' Mot. 2:18-26, Dkt. #24.) The personnel director for the City rejected both state tort claims on May 8, 2008. (FAC ¶ 47, Dkt. #21; Blechman Decl., Ex. C, Dkt. #25.) Cheryl Mitchel Wade, the personnel director for the City, mailed a rejection letter to Mr. Marne that day. *Id.*

### B.    Procedural Background

On March 19, 2009, Plaintiffs filed suit in the Superior Court of the State of California,

---

(Defs.' Reply, 1:25-2:1, Dkt. #34.)

**United States District Court**
For the Northern District of California

1  County of Contra Costa. (Removal Pet. 1:21-28, Dkt. #1.) On May 7, 2009, Defendants removed
2  the action to this Court pursuant to 28 U.S.C. § 1441(b). *Id*. at 2:24-26. On November 24, 2009,
3  Plaintiffs filed an amended complaint. (Dkt. #21).
4  On December 14, 2009, Defendants filed the present Motion to Dismiss. (Dkt. #23.)
5  Plaintiffs files an Opposition on January 14, 2010, (Dkt. #32), and Defendants filed their Reply on
6  January 29, 2010. (Dkt. #24.)

### III. DISCUSSION

9  In their motion, Defendants argue that Plaintiffs state tort law claims are time-barred. (Defs.'
10 Mot. 9:3-8, Dkt. #24.) Specifically, Defendants argue that after the City rejected their tort claims,
11 Plaintiffs failed to meet mandatory claim requirements when the failed to timely file the instant
12 action after rejection of their claims. (Defs.' Mot. 2:2-7, Dkt. #24.) In response, Plaintiffs argue that
13 their state tort law claims are not time-barred because they did not receive proper notification that
14 their state tort claims had been rejected. (Pls.' Opp 'n 2:14-17, 5:16-20, Dkt. #32.)

**A.   Legal Standard**

16 Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to move to dismiss a
17 claim for "failure to state a claim upon which relief can be granted." A motion to dismiss under
18 Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.
19 2001). In order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim
20 to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The
21 Court, in considering a motion to dismiss, must accept all of the plaintiff's allegations as true. *Id.* at
22 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The complaint need not contain detailed
23 factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause
24 of action." *Twombly*, 550 U.S. at 555. In determining whether to dismiss a complaint that alleges
25 time-barred activity, it must appear from the complaint that the plaintiff can prove no set of facts that
26 would establish the timeliness of a claim. *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1207 (9th
27 Cir. 1995)

**B.     Application to the Case at Bar**

In their motion, Defendants argue that Plaintiffs were properly notified when the City mailed the rejection notice to their attorney. (Defs.' Mot. 9:3-8, Dkt. #24.) Specifically, Defendants argue that because there was no indication as to where each rejection notice should be mailed, mailing the rejection notice to Plaintiffs' attorney was appropriate because each state tort law claim was submitted on Mr. Marne's letterhead, which contained his law firm's address and signature. (Defs.' Mot. 7:22-27, Dkt. #24; Blechman Decl., Ex. A at 1-2, Ex. B at 1, Ex. D at 2, Dkt. #25; Defs.' Reply 3:1-9, Dkt. #34.) Defendants further argue that without their attorney's express consent, the California Rules of Professional Conduct specifically prohibit the City from directly communicating with Plaintiffs. (Defs.' Mot. 8:1-13, Dk. #24; Blechman Decl. Ex. D at 2:9-11; Defs.' Reply 3:3-7, Dkt. #34.) Moreover, because Plaintiffs are juveniles, Defendants contend that mailing the notice to their attorney of record was the proper course of action. (Defs.' Mot. 9:3-8, Dkt. #24.)

In response, Plaintiffs argue that the City is required to mail rejection notices directly to each claimant, unless the submitted claim authorizes otherwise. (FAC ¶ 46, Dkt. #21; Pls.' Opp'n 4:14-23, Dkt. #32.) According to Plaintiffs, their submitted claim did not authorize the City to notify Plaintiffs' attorney, Mr. Marne, but did provide both claimants' current addresses. (FAC ¶ 46, Dkt. #21; Pls.' Opp'n 4:16:20, Dkt. #32.) Thus, by mailing each rejection notice to their attorney, Plaintiffs argue that the City failed to properly notify them. (FAC ¶ 47, Dkt. #21; Pls.' Opp'n 4:16-20, Dkt. #32.) As a result, Plaintiffs maintain that each of their state tort law claims is still actionable.[2] (FAC ¶ 48, Dkt. #21; Pl.'s Opp'n 5:9-19, Dkt. #32.)

The California Government Tort Claims Act ("Tort Claim Act"), Cal. Gov't Code §§ 900, *et seq.*, provides that before filing a suit for monetary damages against a public entity or government official, a claimant must submit a written claim to the corresponding city agency within six months after the accrual of the cause of action. Cal. Gov't Code § 911.2, 945.4; *State of California v. Superior Court (Bodde),* 32 Cal. 4th 1234,1239 (2004). A city must then either accept or reject the

---

[2] Although Plaintiffs state in their FAC that they never received the notice of rejection from their attorney, they do not argue this point in the Opposition. (FAC ¶ 47, Dkt.#21).

claim within 45 days following submittal. Cal. Gov't Code § 912.4. The rejection notice must provide a warning to the claimant that if he or she wishes to file a suit, it must be filed no later than six months from the date that notice is personally delivered to the claimant in the lawsuit or deposited in the mail to the claimant. Cal. Gov't Code §§ 913(b); *Brown v. CDC Dir.*, 2009 U.S. Dist. LEXIS 65680, at *9 (E.D. Cal. 2009).   The date on which the notice is deposited in the mail is the date triggering the six-month statute of limitations in which to bring an action, not the date the notice is actually received by the claimant. *Edgington v. County of San Diego*, 118 Cal. App. 2d 39, 46 (1981). Failure to give proper notice of rejection extends the timely filing period from six months to two years. *Glorietta Foods v. City of San Jose*, 147 Cal. App. 3d 835, 838 (1983).

California Government Code section 910(b) requires that a claimant state the "post office address to which the person presenting the claim desires notices to be sent." When no such address is provided within the claim, a city can mail the notice to the address stated in the claim or to a proper recipient. Cal. Gov't Code § 915.4(a). A proper recipient may be a third party that prepares, signs and presents a claim on behalf of a claimant. *Cameron v. City of Gilroy*, 104 Cal. App. 2d 76, 80 (1951). If a claimant fails to receive to receive written notice of his rejected claim within a reasonable time following the 45-day period, the claimant "should make inquiry to determine whether, and if so, when, the notice was in fact served." *Dowell v. County of Contra Costa*, 173 Cal. App. 3d 896, 901 (1985) (internal citations omitted).

Here, the Court finds unpersuasive Plaintiffs' argument that the Tort Claims Act requires the City to mail the rejection notices directly to them. The tort claims submitted by Plaintiffs did not expressly indicate to the City where notice should be mailed. Thus, mailing the rejection notice to their attorney, who signed, prepared and presented the claim to the City comports with the Tort Claims Act. Cal. Gov't Code § 910. Additionally, absent any proof indicating that Plaintiffs required the City to mail each rejection letter to a specific address, the City's decision to mail the notices to Mr. Marne is in line with the California Rules of Professional Conduct, which prohibited the City from contacting Plaintiffs without his approval. Cal. Rule of Prof'l Conduct 2-100; *see also Graham v. U.S.*, 96 F.3d 446, 449 (9th Cir. 1996) (finding the California's Rule of Professional

1 Conduct dealing with improper communication with represented client to be "strictly enforced").  As
2 a result, the Court finds that the City complied with the notification requirements under the Tort
3 Claims Act and the applicable statute of limitations is six months, not two years.

4       Without any evidence of defective notice, the untimeliness of the complaint is beyond a
5 doubt on the face of the complaint. *Supermail Cargo, Inc.,* 68 F.3d at 1206-07.  Accordingly, the
6 Court finds that Plaintiffs have failed to comply with the necessary procedures under the Tort
7 Claims Act and are therefore barred from bringing their state law causes of action against
8 Defendants.  *See Bodde,* 32 Cal. 4th at 1239; *Manson v. Smith*, 2009 WL 4809867, at *9 (E.D. Cal.
9 2009) (finding a motion to dismiss to be the appropriate vehicle to attack an untimely claim under
10 Cal. Gov't Code § 945.6(a)(1)).

11       Furthermore, it is undisputed that the City received both claims on April 3, 2008, rejected
12 each claim within the 45 day limit, and mailed a rejection letter with the required warning to Mr.
13 Marne on May 8, 2008.  (Blechman Decl. Ex. A at 1, Ex. B at 1, Ex. C at 1, Dkt. #25; Pls.' Opp'n
14 2:2-7, Dkt.# 32.)   To prove that a notice of rejection was properly mailed, a defendant can show that
15 the notification was properly deposited within a U.S. postal office or a mail box. *Him v. City and*
16 *County of San Francisco*, 133 Cal. App. 4th 437, 443 (2005).  A defendant can meet its burden by
17 offering a declaration or express representation by the individual who mailed the notification stating
18 that the notice was, in fact, mailed.  *Id.* at 444; *Katelaris v. County of Orange*, 92 Cal. App. 4th
19 1211, 1216 (2001).  Here, the City's personnel director, Cheryl Mitchell Wade, signed a declaration
20 under oath stating that each of the Plaintiffs state tort law claims were rejected and notice of their
21 rejection was mailed to Mr. Marne's law firm on May 8, 2008.  (Blechman Decl., Ex. D at ¶6, Dkt. #
22 25.)  The Court finds that this declaration is sufficient proof that Defendants have met their burden
23 to prove that the notification was, in fact, mailed to Plaintiffs' attorney.  *Him,* 133 Cal. App. 4th at
24 444; *Katelaris,* 92 Cal. App. 4th at 1216.  Thus, the Court finds that mailing notice of rejection to
25 Plaintiffs' attorney was proper.

26 **IV.   CONCLUSION**

27    Based on the foregoing, the Court hereby GRANTS Defendants' Motion to Dismiss

28 Page 6 of  7

Plaintiffs' state tort law claims.

**IT IS SO ORDERED.**

Dated: March 18, 2010

_____
MARIA-ELENA JAMES
United States Magistrate Judge